# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re )
    Paul J. Knies and Donna Knies, )
                                  )    Bankruptcy No. 15-25778
                                  )
                  Debtor. )    Chapter 7

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: Fox Swibel Levin & Carroll LLP

Authorized to Provide Professional Services to: N. Neville Reid, as chapter 7 trustee

Date of Order Authorizing Employment: January 23, 2018, retroactive to April 6, 2016

Period for Which Compensation is Sought:
From April 6, 2016 through April 2, 2018

Amount of Fees Sought: $11,431.00

Amount of Expense Reimbursement Sought: $0.00

This is an: Interim Application _____     Final Application ✓

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: May 14, 2018                         /s/ N. Neville Reid
                                                                                                 (Counsel)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 15-25778 |
| PAUL J. KNIES and ) | |
| DONNA KNIES, ) | Hon. Deborah L. Thorne |
| ) | |
| Debtors. ) | **Date: June 5, 2018** |
| ) | **Time: 10:00 a.m.** |

**NOTICE OF FIRST AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD APRIL 6, 2016 THROUGH APRIL 2, 2018; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES**

PLEASE TAKE NOTICE that on **Tuesday, June 5, 2018, at 10 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne, or any judge sitting in her stead, in Courtroom 613, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (i) Allowing an Administrative Claim for Compensation for the Period April 6, 2016 Through April 2, 2018, and (ii) Authorizing Payment of Unpaid Fees**, at which time and place you may appear as you see fit.

Dated: May 14, 2018

**N. NEVILLE REID, not individually, but solely in his capacity as the chapter 7 trustee for the bankruptcy estate of Paul J. Knies and Donna Knies**

By:    */s/ N. Neville Reid*
Fox, Swibel, Levin & Carroll, LLP,
as Proposed General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Brian J. Wilson (ARDC #6294099)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000

Chicago, IL  60606
Ph:  312.224.1200
Fax:  312.224.1201

## CERTIFICATE OF SERVICE

I, N. Neville Reid, certify that on May 14, 2018, I caused a copy of the foregoing **First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (i) Allowing an Administrative Claim for Compensation for the Period April 6, 2016 Through April 2, 2018, and (ii) Authorizing Payment of Unpaid Fees**, to be filed electronically through the Court's ECF filing system and to be served electronically upon all parties listed on the attached Service List through the Court's ECF filing system or via email, as indicated.

*/s/ N. Neville Reid*
N. Neville Reid

# **SERVICE LIST**

**Parties to receive notice electronically via CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

KONSTANTINE T. SPARAGIS, Counsel to the Debtor
gsparagi@yahoo.com


**Party to receive notice via postage-prepaid first class U.S. mail:**

PAUL J KNIES
9028 STRATFORD LANE
PALOS HILLS, IL 60465

Discover Bank
Discover Products Inc.
PO Box 3025
New Albany, OH 43054-3025

Anthony Huba
10913 Lorel Ave.
Oak Lawn, IL 60453

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 15-25778 |
| PAUL J. KNIES and | ) | |
| DONNA KNIES, | ) | Hon. Deborah L. Thorne |
| | ) | |
| Debtors. | ) | **Hearing Date:  June 5, 2018** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FIRST AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD APRIL 6, 2016 THROUGH APRIL 2, 2018; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES**

Fox Swibel Levin & Carroll LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Paul J. Knies and Donna Knies (the "Debtors", or each individually, a "Debtor"), files this application ("Application") for an order (i) allowing an administrative claim for compensation consisting of fees in the amount of $11,431.00 (the "Requested Compensation") incurred during the period of April 6, 2016 through April 2, 2018 (the "Application Period"); and (ii) authorizing the Trustee to pay the Requested Compensation at this time, FSLC respectfully states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On July 29, 2015 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as the Trustee for the Estate.

4. In Schedule B of the Debtors' Petition, Debtor Paul J. Knies ("Mr. Knies") listed a possible third party action related to an injury he sustained at his then place of employment on or about February 15, 2015 with a value marked as "Unknown". On September 10, 2015, the Trustee conducted his examination of Mr. Knies as part of the Debtors' 341 meeting of creditors regarding the possible third party action. On May 5, 2016, the Trustee moved to employ Adam Riback ("Riback") of Levin Riback Law Group, P.C. (currently known as Levin, Riback, Adelman & Flangel, P.C.) together with Beermann, Pritikin, Mirabelli, Swerdlove, LLP ("Beermann") to pursue such action on behalf of the Estate with Mr. Knies.

5. On May 18, 2016, the Court granted the Trustee's Application to Employ Riback and Beerman. [Dkt. 22].

6. The Trustee recently received notice from Riback that a settlement had been obtained in Mr. Knies' personal injury action which would result in payment in full of all creditors in the case with a substantial surplus going to the Debtors. With funds to administer the Estate and make distributions to creditors, the Trustee required FSLC to assist with the legal affairs of administering the Estate and moved to employ FSLC on January 17, 2018.

7. On January 23, 2018, the Court granted the Trustee's Application to Employ FSLC. [Dkt. 29].

4. On January 30, 2018, the Court entered an order approving a settlement between the Trustee, Mr. Knies, Duke Realty Limited Partnership ("DRLP") and Metro Air Service, Inc. ("MAS", and together with DRLP, the "Settlement Parties") pursuant to Bankruptcy Rule 9019(a) whereby the Settlement Parties agreed to pay total settlement proceeds to the Trustee in the sum of Three Hundred Twenty-Five Thousand and 00/100 Dollars ($325,000.00) (the "Settlement Agreement") which Mr. Knies and the Trustee agreed to accept in full settlement of the cause of action against the Settlement Parties and all damages which may have arisen therefrom. [Dkt. 30].

## REQUESTED RELIEF

5. FSLC files this Application to be allowed an administrative claim in the amount of the Requested Compensation.

6. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

7. Attached as Exhibit B to this Application are the detailed chronological FSLC time entries by task, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period, consisting of the following categories: (B-1) General Case Administration, (B-2) Professional Retention, (B-3) Fee Application, (B-4) Avoidance Action Trial Litigation, and (B-5) Asset Investigation.

## PROFESSIONAL SERVICES RENDERED

3

8. During the Application Period, and more specifically delineated on <u>Exhibit B</u> hereto, FSLC has performed the following services on behalf of the Trustee:

    A. <u>General Case Administration</u>. FSLC performed various miscellaneous tasks that facilitated the Trustee's ability to finalize the Settlement Agreement.

    [The tasks in this category account for $3,822.00, or 17.6 hours of the Requested Compensation.]

    B. <u>Professional Retention</u>. FSLC prepared, filed, and presented the Trustee's Application to Employ (i) Riback and Beerman, as Special Co-Counsel Retroactive to July 29, 2015 [Dkt. 22], and (ii) Fox Swibel Levin & Carroll LLP, as General Bankruptcy Counsel Retroactive to April 6, 2016 [Dkt. 29].

    [The tasks in this category account for $3,247.50, or 10.3 hours of the Requested Compensation.]

    C. <u>Fee Application</u>. FSLC prepared this First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim for Compensation for the Period April 6, 2016 Through April 2, 2018; and (II) Authorizing Payment of Unpaid Fees.

[The tasks in this category account for $1,978.00, or 8.2 hours of the Requested Compensation.]

D. <u>Avoidance Action Trial Litigation</u>. FSLC negotiated the terms of the Settlement Agreement.

[The tasks in this category account for $157.50, or 0.3 hours of the Requested Compensation.]

E. <u>Asset Investigation</u>. FSLC prepared, filed and presented the Motion of the Trustee for an Order (1) Approving Settlement Agreement Regarding Personal Injury Claim of Paul J. Knies and (2) Limiting Notice [Dkt. 30].

[The tasks in this category account for $2,226.00, or 4.4 hours of the Requested Compensation.]

**APPROPRIATENESS OF FEES**

9. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtors' case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

10. FSLC's fees are recorded in a computerized time record system, from which the

5

billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

11. FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

12. FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

### **NOTICE**

13. Pursuant to Bankruptcy Rule 2002, notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors who filed a proof of claim in the case; and (e) all other parties set up to receive notice through the Court's ECF filing system. As to creditors, and to save costs for the Estate, the Trustee requests that, pursuant to Bankruptcy Rule 2002(h), the court limit notice of this application to creditors who have filed a proof of claim in the case. No incremental prejudice will result to any other creditor who did not file a proof of claim since such creditors are not entitled to a distribution in this case. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order (i) allowing an administrative claim for compensation consisting of fees in the amount of $11,431.00 incurred during the Application Period; (ii) authorizing the Trustee to pay the Requested Compensation; and (iii) providing such other and further relief as is proper and just.

Dated: May 14, 2018                              Respectfully submitted,

                                                                                 **FOX SWIBEL LEVIN & CARROLL LLP**

6

               *By:*  */s/ N. Neville Reid*
                 Fox Swibel Levin & Carroll LLP,
                 General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Brian J. Wilson (ARDC #6294099)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201

7